ANDREW MAST (CABN 284070)
PARADI JAVANDEL (CABN 295841)
MATTHEW CHOU (CABN 325199)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 941092
Tel: 415.934.5300 / Fax: 415.934.5399
andrew.mast@usdoj.gov

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO RUBEN LOPEZ,<br><br>Defendant. | Case No.: 2:23-cr-00055-CDS-DJA<br><br>**Stipulation for Amended Protective Order** |

The parties, by and through the undersigned, respectfully request that the Court issue an Amended Order protecting from disclosure to the public, or any third party not directly related to this case, any discovery materials (or copies thereof) provided by the government to the defense or provided by the defense to the government that constitutes "Protected Information" which is defined here as reports of interviews, grand jury testimony, documents produced to the grand jury or its agents, records obtained pursuant to search warrant or pursuant to 18 U.S.C. §2703, audio and video recordings, correspondence or agreements with the government attorneys, documents voluntarily provided to the

government, results of criminal background checks, and confidential information such as victim and witness social security numbers, driver's license numbers, dates of birth, addresses, telephone numbers, email addresses, bank account numbers, and any documents produced by the government or defense during discovery that contain personally identifiable information. The Court approved an initial Protective Order in this case on March 30, 2023. (ECF No. 23.) This Amended Protective Order expands the scope of "Protected Information" to include comparable materials produced or to be produced by the defense to the government.  The parties state as follows:

        1.       The indictment in this case issued on March 15, 2023.

        2.       Trial is scheduled for March 25, 2024.

        3.       The indictment in this case arises out of an alleged conspiracy to suppress and eliminate competition for the services of nurses by an agreement among the defendant and others to fix the wages of nurses employed by certain home healthcare agencies in the Las Vegas metropolitan area.  The discovery contains significant amounts of confidential information, including protected health information, personally identifiable information and medically sensitive information, relating to the subjects of the investigation, potential witnesses, and alleged victims.  In addition, some of the documents in the discovery reference medical care provided to nonparties to this action.  The release of such information to the public or third parties not involved in the case could endanger the privacy of the subjects of the investigation, potential witnesses, and alleged victims, and expose them to potential misuse of their identities.

        4.       In order to protect the privacy of the individuals referenced in the discovery, the parties intend to restrict access of Protected Information to the following persons: the defendant, attorneys for all parties, and any personnel that an attorney for a party considers

necessary to assist in performing that attorney's duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, witnesses or potential witnesses and their counsel, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

5. The Covered Individuals shall be advised of the Protective Order, and, without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

    b. allow any other person to read, listen, or otherwise review the Protected Information in this case;

    c. use the Protected Information for any purpose other than preparing to defend against or prosecute the charges in the Indictment or any further superseding indictment arising out of this case; or

    d. attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

6. Upon leave of Court and for good cause shown, the government may use Protected Information produced by the defense for other legitimate purposes, such as to fulfill its discovery obligations.

7. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice, provided that such materials shall be filed under seal and/or submitted to the Court for *in camera* inspection if the parties have good reason to understand that the Protected

//

Information contains confidential information as here described. The standard procedures for filing a document under seal shall apply.

8. The parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order. If the defendant or defense counsel disseminates or discloses any of the Protected Information to a nonparty or its counsel, the defendant or defense counsel shall: (1) provide the nonparty or their counsel a copy of the Protective Order, and (2) obtain the attached Acknowledgement of Protective Order from each nonparty or their counsel at the time of disclosure or dissemination. If government counsel disseminates to a nonparty any Protected Information that was provided by the defense, it will follow the same procedure.

9. The parties reserve the right to seek to modify the terms of this protective order at a later time pursuant to Federal Rule of Criminal Procedure 16(d)(1).

10. Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E), the United States shall be permitted to disclose certain grand jury materials pursuant to Federal Rule of Criminal Procedure 16, the Jencks Act, 18 U.S.C. § 3500, Federal Rule of Criminal Procedure 26.2, *Brady v. Maryland*, and/or *United States v. Giglio*. The grand jury materials include documents produced under subpoenas issued by the grand jury and certain transcripts of grand jury testimony. The parties agree that allowing limited disclosure of grand jury materials pursuant to the protective order to be entered in this case would not frustrate the broad societal interest in grand jury secrecy.

11. At the conclusion of the above-captioned case (including but not limited to any post-trial proceedings or appeal), the defendant, his counsel and any personnel receiving Protected Information agree to either destroy all Protected Information or return the Protected Information as directed by the producing party. Counsel for defendant agrees to

certify compliance with this provision within ten calendar days of the conclusion of the above-captioned case.

12. The defense has previously produced materials to the government that have been identified as EL00007-00028. The parties agree that these materials will constitute Protected Information under this Protective Order.

13. The parties hereby stipulate to this protective order.

Respectfully submitted,

For the United States:

\_\_\_/s/_____
ANDREW MAST
PARADI JAVANDEL
MATTHEW CHOU
Trial Attorneys
Antitrust Division
U.S. Department of Justice

For the Defense:

\_\_\_/s/_____
MARK L. KROTOSKI*
PAOLA ARMENI
Attorneys for DEFENDANT EDUARDO LOPEZ

*signed with permission

**IT IS SO ORDERED:**

_____
HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

May 18, 2023
Date

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

The undersigned hereby acknowledges that they have received a copy of the Stipulation for a Protective Order ("Protective Order") issued in *United States v. Lopez*, No. 2:23-cr-00055-CDS-DJA; have read, understand, and agree to the terms or the Protective Order, and hereby submits to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the terms of the Protective Order and the punishment of any violations thereof.

DATED: _____
Signature