UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>         Plaintiff<br><br>v.<br><br>Eduardo Lopez,<br><br>         Defendant | Case No. 2:23-cr-00055-CDS-DJA<br><br>**Order Denying Non-Party Maxim's Motion to Seal Petitions to Appear Pro Hac Vice**<br><br>FILED UNDER SEAL<br><br>[ECF No. 380] |

On December 19, 2024, non-party Maxim Healthcare Services, Inc., filed a motion to seal certain verified petitions for attorneys to appear pro hac vice. Mot. to seal, ECF No. 380. For the reasons set forth herein, I deny the motion to seal without prejudice, and provide further instructions below.

**I.    Legal Standard**

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, a litigant may request court records be sealed or redacted. *Id.* In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When considering a motion to seal, a good cause standard applies to documents attached to non-dispositive motions because such documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002) (internal quotations and citation omitted). The pending motion, and related petitions, are non-dispositive therefore the good cause standard applies.

**II.    Discussion**

Maxim moves to seal two verified petitions to practice pro hac vice.[1] Mot., ECF No. 380. Maxim seeks to keep the petitions under seal for two reasons: (1) the petitions reveal Maxim's identity, and (2) they reflect contemplated defense strategies which could preview the defense

---

[1] The petitions are docketed at ECF Nos. 381 and 382 and will be addressed separately.

to the government. *Id.* at 2. The court is not convinced this meets the good cause standard. First, Maxim's identity is already known to the government and the defendant. Second, Lopez has filed a motion to compel certain documents that has been discussed on the record, in the presence of the government attorneys.[2] And third, a review of the petitions demonstrates that they reveal no specific information regarding defense strategy or otherwise. Consequently, the court cannot find good cause to grant the motion to seal at this time. Accordingly, it is denied without prejudice.

The court recognizes that Maxim might not be aware of the aforementioned information. Thus, in an abundance of caution, the court will permit Maxim to submit an amended motion to seal. If it chooses to do so, Maxim must file any amended motion to seal no later than Monday, January 27, 2025. If no amended motion is filed, the motion to seal (ECF No. 380), the petitions (ECF Nos. 381 and 382), and this order will be unsealed on January 28, 2025, with no further notice.

### III. Conclusion

IT IS THEREFORE ORDERED that Maxim's motion to seal **[ECF No. 380] is DENIED without prejudice**. The Clerk of Court is kindly instructed to maintain the seal on ECF Nos. 380, 381, and 382 until further order of the court; and to send a copy of this order to Adam Fulton (afulton@jfnvlaw.com) and Robert Stewart (rtstewart@foley.com).

Dated: January 21, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] Indeed, it was discussed during a recent hearing on a motion to continue. Redacted Hr'g tr., ECF No. 435 at 5, 10.

2