UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

          Plaintiff

v.

Eduardo Ruben Lopez,

          Defendant

Case No. 2:23-cr-00055-CDS-DJA

**Order Denying Appeal of Magistrate Judge's Order Denying Motion to Compel**

[ECF No. 276]

    Defendant Eduardo Lopez appeals an order (ECF No. 239) issued by United States Magistrate Judge Daniel Albregts denying his motion to produce a copy of Special Agent Fryxell's personnel file. Appeal, ECF No. 276.[1] The United States opposes the appeal. Opp'n, ECF No. 294.

    When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g., Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

    Having conducted a de novo review of the personnel file, I find Judge Albregts's order is neither contrary to the law nor clearly erroneously. I concur with Judge Albregts and find that the contents of the personnel file are not relevant to the instant action and do not otherwise constitute *Brady*, *Gigilio*, or *Jencks* material. I further decline to preserve a copy of the personnel file as it contains no material information. *See United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009) (Material information includes "evidence that might tend to impeach a government witness[.]"). Further, the court finds Lopez's request that a copy be preserved is akin to asking

---

[1] This objection was erroneously docketed as a "response."

the court to interfere with the practices of the executive branch, especially in light of the file being reviewed by two separate judges. The Ninth Circuit has long instructed that the courts should only exercise their supervisory authority—which preserving the personnel file would require—when there is "a clear basis in 'fact and law' for doing so." *See United States v. Gatto*, 763 F.2d 1040, 1046 (9th Cir. 1985) (quoting *United States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir. 1977)). There is no such basis here. Accordingly, Lopez's appeal is denied.

### Conclusion

IT IS HEREBY ORDERED that Lopez's appeal of Magistrate Judge Albregts's order denying his motion to compel disclosure of Special Agent Fryxell's personnel file **[ECF No. 276] is DENIED**. The August 13, 2024, order **(ECF No. 239) is AFFIRMED in full**. The court declines to preserve of a copy of the file, so it will be destroyed.

Dated: January 22, 2025

_____
Cristina D. Silva
United States District Judge