UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff<br><br>  v.<br><br>Eduardo Ruben Lopez,<br><br>             Defendant | Case No. 2:23-cr-00055-CDS-DJA<br><br>**Order Granting Government's<br>Motion in Limine 5**<br><br>[ECF No. 495] |

      At calendar call, the court took the government's motion in limine 5, seeking to introduce evidence related to some legal invoices (hereinafter "the legal documents") provided to the Lopez, under advisement. In sum, the government argues that the legal documents are relevant to Lopez's state of mind, intent, knowledge, and lack of mistake regarding the wire fraud charges. *See generally* ECF No. 495 at 29–32. Lopez opposes the motion, arguing that by introducing the legal documents, the government will invade attorney-client privilege and the work product doctrine; he further argues that the legal documents are hearsay and double hearsay,[1] that introduction of the legal documents will compel Lopez to take the stand to explain them, thus violating Lopez's Fifth Amendment rights, and that because one of the legal documents is from counsel in this action—Mr. Krotoski—it will also violate Lopez's Sixth Amendment right to effective assistance of counsel. *See* ECF No. 521 at 46–57. At the conclusion of the hearing, I took this motion under advisement so I could receive and review certain relevant documents. Having conducted that review, and for the reasons set forth here, I grant the government's motion in limine with further instructions detailed herein.

---

[1] Double hearsay was raised for the first time when the court heard argument on the motion. The court nonetheless addresses Lopez's argument.

## I. Discussion

As a threshold matter, I find that the documents are relevant. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Thus, "[t]he Rule's basic standard . . . is a liberal one." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); *see also United States v. Whitehead*, 200 F.3d 634, 640 (9th Cir. 2000) (citing Rule 401 for the proposition that relevance is a "minimal requirement"). Further, I find that the documents are not hearsay, nor double hearsay. Hearsay is any out-of-court statement, whether oral or written, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(a), (c). When a statement is hearsay within hearsay, or double hearsay, each statement must qualify under some exemption or exception to the hearsay rule. Fed. R. Evid. 805; *United States v. Arteaga*, 117 F.3d 388, 396 n.12 (9th Cir. 1997). Here, the government is not seeking to introduce the documents to prove the truth of the information therein, but to argue that Lopez purposely concealed and misrepresented the federal criminal investigation into his wage fixing conduct, an investigation he was aware of at the time he failed to disclose the investigation during the due diligence process. *See United States v. Lane*, 2013 U.S. Dist. LEXIS 98318, at *7 (D. Ariz. July 13, 2023) (concluding that letters were admissible to show notice to defendant and evidence of the defendant's state of mind). Thus, the documents[2] are not hearsay, double or otherwise.

Lopez also asks to exclude the evidence under Federal Rule of Evidence 403. The rule is that relevant evidence is generally admissible. Fed. R. Evid. 402. However, relevant evidence may

---

[2] This includes the privilege log. A privilege log must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Often a privilege log will include "the attorney and client involved," *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992), and "the identity of the client, the amount of the fee, the identification of payment by case file name," *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992). "[T]he general purpose of the work performed [is] usually not protected from disclosure by the attorney-client privilege." *Clarke*, 974 F.2d at 129. Thus, the purpose of the work set forth in the privilege log here is not protected. This lack of protection is exacerbated by the fact that Lopez waived privilege to the underlying documents themselves.

nonetheless be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As noted above, the government seeks to introduce the legal documents as evidence that Lopez purposely concealed and misrepresented the federal criminal investigation into his wage fixing conduct. This alleged act of concealment occurred during the relevant period and potentially speaks directly to the charged crimes in the indictment. Thus, although the legal documents are prejudicial, they are not so prejudicial as to warrant exclusion.

I also find that introduction of the legal documents does not implicate Lopez's Fifth Amendment rights. "The Fifth Amendment grants persons the privilege not to provide the [government] with [self-incriminatory] evidence of a testimonial or communicative nature." *United States v. Bright*, 596 F.3d 683, 692 (9th Cir. 2010) (quoting *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 772 (9th Cir. 2006)). Because Lopez waived privilege to the evidence at issue here, his Fifth Amendment rights are longer implicated. Lopez's argument that by admitting the legal documents, he will be compelled to take the stand to explain, in violation of his Fifth Amendment rights, is unpersuasive. Lopez may choose to take the stand to explain the legal documents—or any piece of evidence offered by the government—or he may not. As always, the choice remains his. *See Rock v. Arkansas*, 483 U.S. 44, 49 (1987) (holding the ultimate decision whether to testify rests with the defendant); *see also Brooks v. Tennessee*, 406 U.S. 605, 612 (1972) ("Whether the defendant is to testify is an important tactical decision as well as a matter of constitutional right."). And like with any trial, Lopez's counsel is also free to argue that the legal documents, or any other piece of evidence, simply are not what the government assets them to be. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (discussing juries' broad discretion in deciding what inferences to draw from the evidence presented at trial).

1   For these reasons, the government's motion in limine 5 is granted. However, the court is concerned that the letter from Mr. Krotoski to Lopez when Krotoski was with the firm of Morgan Lewis, which is one of the legal documents the government seeks to introduce, may violate the Sixth Amendment. The Sixth Amendment guarantees a defendant the right to effective assistance of counsel at all critical stages of a criminal proceeding. *United States v. Gonzalez*, 113 F.3d 1026, 1029 (9th Cir. 1997). Critical stages include those in which "potential substantial prejudice to defendant's rights inheres in the particular confrontation and . . . [counsel may] help avoid that prejudice . . . ." *Schantz v. Eyman*, 418 F.2d 11, 13 (9th Cir. 1969) (internal quotation marks omitted). The Supreme Court has defined one such "critical stage" in criminal proceedings as one which affects the defendant's right to a fair trial. *United States v. Wade*, 388 U.S. 218, 226 (1967). Inclusion of Mr. Krotoski's name on any of the legal documents the government seeks to introduce would unfairly prejudice Lopez's right to a fair trial. It potentially invites the jury to speculate about the relationship between Mr. Krotoski and Lopez, why Mr. Krotoski is not testifying, or why Mr. Krotoski is representing Lopez in this matter, among other potential speculation. This could impact Lopez's Sixth Amendment rights. To vitiate against the potential prejudice, the government must redact not only Mr. Krotoski's name, but the name of any attorney referenced in the legal documents. Redaction of all attorney names will not draw undue attention to the redaction of just Mr. Krotoski's name.

## II.   Conclusion

IT IS HEREBY ORDERED that the government's motion in limine 5 is GRANTED. The government is permitted to introduce the legal documents; however, they must redact all attorney names referenced therein.

Dated: March 16, 2025

_____
Cristina D. Silva
United States District Judge