UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff<br><br>v.<br><br>Eduardo Ruben Lopez<br><br>                    Defendant | Case No. 2:23-cr-00055-CDS-DJA<br><br>**Order Granting Government's<br>Motion in Limine No. 8** |

At calendar call, the court took the government's motion in limine 8, to admit certain business records under Federal Rules of Evidence 902(11) and 803(6), under advisement to review certifications. *See* certs., Govt.'s Exs. B–X, ECF No. 495-2 through 495-24. The government argues that the business records it seeks to introduce are all self-authenticating and comply with Federal Rules of Evidence 902(11) and 803(6) and that, because Lopez refuses to stipulate to these documents' admission, absent a court ruling that these records are properly authenticated, the government will have to have fourteen custodians testify to the documents' authenticity. ECF No. 495 at 45–47. Lopez argues that he has not had time to review the government's proposed business record certifications. ECF No. 521 at 81. Having conducted that review, I find that the business records have been properly authenticated. Therefore the government's motion in limine 8 is granted.

I.     Discussion

"The foundational 'requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (quoting Fed. R. Evid. 901(a)). "The government need only make a prima facie showing of authenticity, as 'the rule requires only that the court admit evidence if sufficient proof has been

introduced so that a reasonable juror could find in favor of authenticity or identification.'" *Id.* (quoting *United States v. Black*, 767 F.2d 1334, 1342 (9th Cir. 1985)). "A proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902." *Orr v. Bank of Am.*, 285 F.3d 764, 774 (9th Cir. 2002).

Federal Rule of Evidence 902(11) says that "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person" is self-authenticating and does not need to be authenticated at trial to be admissible. Fed. R. Evid. 902(11). For a business record to comply with Rule 803(6)(A)–(C), (1) the record must have been "made at or near the time by—or from information transmitted by—someone with knowledge"; (2) the record must have been "kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit"; and (3) "making the record was a regular practice of that activity." Fed. R. Evid. 803(6). The government has provided certifications to accompany each of the business records it seeks to admit. Govt.'s Exs. B–X, ECF No. 495-2 to 495-24. A review of these certifications confirms that they all comply with 902(11) and 803(6).[1] Because the certifications comply with the Federal Rules of Evidence, because Lopez has had a fair opportunity to review the records, and because Lopez does not meaningfully oppose their admission, the government's motion in limine 8—to authenticate certain business records—is granted. The government need not have live witnesses testify as to the authenticity of Govt.'s Exhibits B–X, ECF No. 495-2 through 495-24.

---

[1] I note that the certificate docketed as Govt.'s Ex. I states that the certificate complies with FRE 901(11) and not 902(11). However, I find that this is merely a scrivener's error as the certificate complies with FRE 902(11) in all other respects.

II.     Conclusion

IT IS HEREBY ORDERED that the government's motion in limine 8 is GRANTED as set forth in this order. The government may admit the business records (Govt.'s Exhibits B–X) under Federal Rules of Evidence 902(11) and 803(6) without requiring live witness testimony from records custodians.

Dated: March 18, 2025

_____
Cristina D. Silva
United States District Judge