CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@cwlawlv.com
J. COLBY WILLIAMS, ESQ. (5549)
jcw@cwlawlv.com
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
SAMUEL R. MIRKOVICH (11662)
srm@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Richard Donoghue, Esq.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA;<br><br>                Plaintiff,<br><br>vs.<br><br>EDUARDO "EDWARD" LOPEZ,<br><br>                Defendant. | CASE NO.:  2:23-cr-00055-CDS-DJA<br><br>**RICHARD DONOGHUE, ESQ.'S RESPONSE TO ORDER TO SHOW CAUSE AGAINST ATTORNEY MARK KROTOSKI, ESQ. AND TRIAL CO-COUNSEL [ECF NO. 693]** |

Attorney Richard Donoghue, Esq. ("Donoghue"), through his undersigned counsel, hereby submits the following Response to Order to Show Cause Against Attorney Mark Krotoski, Esq. ("Krotoski") and Trial Co-Counsel [ECF No. 693].

## POINTS AND AUTHORITIES

### I.     INTRODUCTION

On June 17, 2025, the Court issued an Order to Show Cause ("OSC") and directed Donoghue to show cause in writing why he should not be sanctioned pursuant to the Court's inherent powers for submitting a Third Motion for Mistrial [ECF No. 654] containing material misprepresentations of

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

fact and a Rule 33 motion [ECF No. 666] that is misleading by omission.[1]  Specifically, the Court issued the OSC due to, *inter alia*, (i) certain representations by Krotoski regarding an expert witness's availability in connection with a meet-and-confer about a pending *Daubert* hearing; (ii) certain representations by Krotoski in the Rule 33 motion regarding the Court's grounds for striking the expert witness, and (iii) certain representations made by Krotoski in the Third Motion for Mistrial regarding Exhibit 151 and whether it was redacted or unredacted at the time it was admitted and shown to the jury.  As discussed in greater detail below, Donoghue respectfully submits that the Court should not impose sanctions against him because he had no involvement or personal knowledge of any of the representations or events that are described in the OSC.

## II.    ARGUMENT

### A.    Legal Standard.

"The Supreme Court has long held that a federal court may discipline attorneys who appear before it." *Avendano v. Sec. Consultants Grp.*, No. 3:13-cv-00168-HDM-VPC, 2014 WL 6773027, at *10 (D. Nev. Dec. 2, 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  "Such power transcends the court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself[.]"  *Id.*  "Under the inherent power, a federal court may sanction counsel or parties who act in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).  "However, the district court's authority to impose sanctions under its inherent powers is not limitless."  *Id.* (citing *Mendez v. Cnty. of San Bernadino*, 540 F.3d 1109, 1132 (9th Cir. 2008)).  "Before awarding sanctions under its inherent powers, the court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Id.* (citing *Primus Auto. Fin. Servs. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)).

"Bad faith including a broad range of willful improper conduct [and] has [been] described [ ] as fraud practiced upon the court and conduct in which the very temple of justice has been defiled." *Id.* (citing *Chambers*, 501 U.S. at 46).    "[T]he Ninth Circuit has held that a "party's

---

[1]  The OSC references a Fourth Motion for Mistrial at ECF No. 654, but the undersigned's review of the docket indicates that document at ECF No. 654 is titled the Third Motion for Mistrial.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

misrepresentations or purposeful deception constitutes bad faith." *Id.* (citing *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112,1118 (9th Cir. 2000)); *see also id.* at *11 ("Intentionally misleading the court is bad faith conduct. Therefore, the misrepresentations are an appropriate basis for sanctions under the court's inherent power."); OSC at 1-2 (citing *Fink v. Gomez*, 239 F.3d 989, 991-92 (9th Cir. 2001), LR IA 11-7(a) and NRPC 3.3).

However, "a specific finding of bad faith must precede any sanction under the court's inherent powers," *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986), and "any sanctions imposed against [an attorney] should be based solely on his own improper conduct without considering the conduct of the parties or any other attorney." *Batarse*, 115 F.3d at 650 (citing *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995)). In that regard, the "standard for bad faith or willful misconduct is something more egregious than mere negligence or recklessness." *Gypsum Resources, LLC v. Clark Cnty.*, No. 2:19-cv-00850-GMN-EJY, 2023 WL 7351967, at *2 (D. Nev. Sept. 29, 2023) (citing *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003)); *see also Barber v. Miller*, 146 F.3d 707, 712 (9th Cir. 1998) (affirming denial of inherent power sanctions because the evidence "certainly shows ignorance of negligence on the part of Carlsen, but does not compel a finding that he was reckless or acted in bad faith"); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1484-85 (9th Cir. 1989) (vacating inherent power sanctions award where there was no evidence that the disputed conduct "was anything more than an oversight or ordinary negligence"); *Fink*, 239 F.3d at 993 ("the district court may not sanction mere inadvertent conduct" under its inherent power); *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993) (vacating inherent power sanctions where there was no evidence the attorney had "acted in bad faith or intended to mislead the court").[2]

This Ninth Circuit precedent is consistent with Nevada Rule of Professional Conduct 3.3, which "forbids a lawyer from '***knowingly***' making a 'false statement of fact or law to a tribunal' or failing 'to correct a false statement of material fact or law previously made to the tribunal by the lawyer.'" *Avendano*, 2014 WL 6773027, at *11 (emphasis added); *see also id.* ("Accordingly, where

---

[2]   The Ninth Circuit has held that "recklessness" can only serve as the basis for inherent power sanctions when it is combined "with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

an attorney makes an assertion ***based upon his own knowledge*** to the courts in this District, his failure to make a reasonably diligent inquiry into the matter may violate his professional obligations.") (citing Comment 3, Model R. Prof. Conduct 3.3) (emphasis added).[3]  Thus, in order to impose sanctions against Donoghue pursuant to its inherent powers, the Court must find that he acted in bad faith in furtherance of an improper purpose and knowingly engaged in conduct that goes beyond mere ignorance, inadvertence or negligence.

**B.    Donoghue Did Not Have Any Knowledge Or Involvement In The Conduct That Is The Subject Of The OSC And, Thus, Did Not Act In Bad Faith Or For An Improper Purpose.[4]**

On October 27, 2023, Donoghue filed a Verified Petition for Permission to Practice Pro Hac Vice in this matter.  ECF No. 81.  The Court granted that Petition on November 29, 2023.  ECF No. 98.  While Donoghue did enter an appearance in the case, he did not make a court appearance before, during, or after the trial, whether in-person or remotely.  Rather, Donoghue's role in this case was limited to supporting the efforts of the trial team by, on occasions prior to and after the trial, reviewing court filings, providing suggested edits to drafts of court filings, remotely attending pretrial meet-and-confer sessions with counsel representing subpoenaed parties, and otherwise providing advice on trial-related matters.  While the trial was ongoing from March 24, 2025 through April 14, 2025, Donoghue did not receive, review, edit or otherwise provide any input on any of the defense filings nor did he provide advice on trial-related matters.  As a result, Donoghue had no firsthand knowledge of what transpired in the courtroom during the trial.

Additionally, Donoghue did not have any involvement in, or knowledge of, the specific events that necessitated the Order, *i.e.*, "[t]he misrepresentations, a failure to timely comply with a meet and confer order, an unsupported claim that an unredacted version of an exhibit was shown to the jury in a motion for mistrial, together with omitting information from Lopez's motion for a new

---

[3]  Donoghue is a member of the New York State Bar and must comply with the New York Rules of Professional Conduct.  In that regard, NYRPC 3.3 is almost identical to NRCP 3.3 and also prohibits an attorney from "knowingly" making a false statement of fact or law to a tribunal.

[4]  The factual representations in this section are supported by the sworn Declaration of Richard Donoghue, Esq., which is attached hereto as Exhibit 1.

4

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

trial regarding why an expert was stricken, and other conduct." ECF No. 693 at 2:18-22. For example, Donoghue did not participate in or receive reports about the *Daubert* hearing concerning the proposed defense expert witness, Suzanne Stuckwisch ("Stuckwisch"), that the Court conducted on April 4 and 7, 2025. He also did not participate in the parties' meet-and-confer or the related communications between Krotoski and the United States government on April 5-6, 2025 regarding the disputes over Stuckwisch's proposed expert testimony or her availability on those dates. Similarly, Donoghue had no knowledge of Stuckwisch's travel schedule on April 4-7, 2025, and did not receive Krotoski's April 5, 2025 email in which he represented that Stuckwisch was traveling and unreachable. Even if Donoghue had received Krotoski's April 5, 2025 email, he would have had no reason to question the accuracy of his representation concerning Stuckwisch's availability.

And, while Donoghue did review draft filings and provide suggested edits on some occasions in this case, he did not receive, review, edit or provide any input whatsoever on the Third Motion for Mistrial [ECF No. 654] or the Rule 33 Motion [ECF No. 666] before the documents were filed with the Court. In that regard, he did not have any input or awareness of the representations contained in those filings regarding the basis for the Court's order striking Stuckwisch or the reasons for her lack of availability between April 4-7, 2025. Donoghue likewise did not have any input or awareness of the representations in the Third Motion for Mistrial concerning the admission of Exhibit 151; nor did he have any knowledge of whether Exhibit 151 was redacted or unredacted when it was admitted and shown to the jury. He also did not have any input or awareness of the use of brackets in the excerpts of the trial transcript that were referenced in the Third Motion for Mistrial. Again, even if Donoghue had received these draft pleadings prior to filing, he would have had no reason to question the accuracy of the foregoing representations.

Based on the foregoing, Donoghue respectfully submits that there is no basis to impose sanctions against him pursuant to the Court's inherent powers because he had no involvement or knowledge of the conduct that is at issue in the OSC. Again, the Ninth Circuit has repeatedly held that conduct amounting to ignorance or inadvertence is insufficient to justify a finding of bad faith pursuant to the Court's inherent powers. *See* Point II.A, *supra*. Similarly, Rules of Professional Conduct 3.3 prohibits an attorney from "knowingly" making a misrepresentation or failing to correct

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

a prior misrepresentation that had previously been made. *Id.* Given that Donoghue was completely unaware of the acts and representations that resulted in the Court issuing the OSC, Donoghue respectfully requests that the Court decline to impose sanctions against him and find he did not engage in any ethical misconduct.

## III.    CONCLUSION

For the reasons set forth above, Donoghue respectfully requests that the Court find that Donoghue has shown cause why he should not be sanctioned.

Dated:  July 2nd, 2025                    CAMPBELL & WILLIAMS

By /s/ *J. Colby Williams*
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
PHILIP R. ERWIN, ESQ. (11563)
SAMUEL R. MIRKOVICH, ESQ. (11662)
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101

*Attorneys for Richard Donoghue, Esq.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing **Response to Order to Show Cause Against Attorney Mark Krotoski, Esq. and Trial Co-Counsel [ECF No. 693]** was served on the 2nd day of July, 2025 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

 /s/ *J. Colby Williams*
An Employee of Campbell & Williams

## INDEX OF EXHIBITS

| Exhibit No. | Document | Page Nos. |
|:---:|:---|:---:|
| 1 | Declaration of Richard P. Donoghue in Support of Response to Order to Show Cause | 1 – 4 |