UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:23-cr-00055-CDS-DJA |
| Plaintiff | Order Admonishing Mark Krotoski, Esq., Discharging Show Cause Order Against Other Counsel, and Denying as Moot Motion to Extend Time |
| v. | |
| Eduardo "Edward" Lopez, | |
| Defendant | [ECF Nos. 693, 705] |

On June 17, 2025, I issued an order to show cause (OTSC) against attorney Mark Krotoski, Esq., and defendant Eduardo Lopez's other trial counsel. OTSC, ECF No. 693. Therein, I ordered the attorneys to show cause in writing why they should not be sanctioned for submitting a mistrial motion that contained material misrepresentations of fact and a Rule 33 motion that was misleading by omission. *Id.* at 8–9. All parties have responded to the show cause order. *See* ECF Nos. 706–709 (Krotoski); ECF Nos. 702–704 (other counsel). For the reasons set forth herein, I discharge the show cause order in its entirety against Ms. Armeni, Mr. Braverman, and Mr. Donoghue, admonish Mr. Krotoski, and thereafter discharge the show cause order against him.

I.  **Discussion**

Mark Krotoski was the lead attorney on the mistrial motion and motion for new trial that, in conjunction with other issues, precipitated this show cause order. As co-counsel responses to the show cause order reveal, they were not the drafters of the motions, but did review the filings and/or contributed to certain arguments contained therein. *See generally* ECF Nos. 702–704 (other counsel). The court appreciates the detailed responses filed by co-counsel and notes that throughout the course of the trial, Ms. Armeni and Mr. Braverman exhibited the constant professionalism and preparedness that this court expects.[1] Mr. Donoghue is even

---

[1] Indeed, the court had no issue with Ms. Armeni and Mr. Bravermen's conduct during the trial and fully appreciated their preparedness and trial agility. Further, for clarity, the court takes no issue with the fact

further removed from the conduct that contributed to the show cause order as he was not the trial counsel and, according to his declaration, only reviewed draft filings and provided suggested edits. ECF No. 702-1 at 11–12. Unfortunately, because they were signatories on the two motions identified in the show cause order, the court was compelled to order them to respond. The court accepts the representations set forth in their responses and discharges the show cause order against them in its entirety.

      The court turns now to counsel Mr. Krotoski, who filed his response to the show cause order on July 17, 2025.[2] Resp., ECF No. 709. His response was accompanied by three erratas: (1) an amended motion for mistrial (ECF No. 706), which was submitted to amend the motion for mistrial at ECF No. 654, (2) an amended response to the government regarding Stuckwisch's whereabouts the weekend before she was stricken to reflect an apparently more honest explanation regarding her status than the one originally provided (ECF No. 707); and (3) an amended version of the motion for a new trial (ECF No. 708), which was submitted to amend ECF No. 668.[3] In sum, Mr. Krotoski contends that he did not act in bad faith, nor with the intent to mislead the court or to obtain some tactical advantage. *See generally* ECF No. 709.

      In his declaration, Mr. Krotoski writes that he has profound respect for the judicial system and the rule of law, and details his prior professional experiences, which includes two clerkships, a decorated career with the Department of Justice, and other public service roles. *See* Decl., ECF No. 709-1 at 12. Mr. Krotoski details his professional experience in his post-government service career, which includes significant pro bono work. *Id.* The court has spent considerable time contemplating why someone with as much experience as detailed in Krotoski's 23-page response would engage in the unprofessionalism this court has observed.

---

that a motion for a new trial or the mistrial motion were filed: the court would expect nothing less. The focal point of the show cause order was the misrepresentations contained therein. Certainly, the court takes no issue with Mr. Donoghue as he was not trial counsel and got snared into the show cause order because of Mr. Krotoski's actions.
[2] Because the response was filed, the court denies as moot the motion to extend time.
[3] The erratas do not change the court's reasoning nor conclusion denying the motions, so the order doing so stands. Order, ECF No. 692.

Indeed, the details of his experience are wholly at odds with his actions during the trial, which candidly saddened and shocked the court as well.[4] Unfortunately, the court has come to the only logical explanation for his conduct: entitlement. As defined by Merriam-Webster, entitlement is the belief that "[he] is deserving of or entitled to certain privileges."[5] The record here reveals Mr. Krotoski believed he was entitled to misrepresent Ms. Stuckwisch's availability in an email to the government, writing she was "traveling" when she was not. And he apparently felt entitled[6] to maintain that representation in open court the morning of the continued *Daubert* hearing which ultimately contributed to Stuckwisch's exclusion as a witness. There's simply no other explanation as to why Mr. Krotoski would not have corrected his "poor choice of words"[7] *during the trial*, instead of having to submit a post-OTSC errata to try and amend-away what could have easily been corrected back in April.[8] And the errata submitted to amend the Rule 33 motion is likewise a day late and a dollar short.[9] Again, someone with as much

---

[4] *See* ECF No. 709-1 at 14, ¶ 88 (Mr. Krotoski was saddened and shocked by the show cause order).
[5] https://www.merriam-webster.com/dictionary/entitlement (last accessed September 2, 2025).
[6] While not the basis of the show cause order, and certainly not this admonishment, it is worth noting yet another example of apparent entitlement from Mr. Krotoski, which was him representing that a proposed defense witness was a "paralegal," when she was in fact, an attorney at his firm. *Contrast* ECF No. 605 at 7:24–8:10 (Mr. Krotoski stating "With respect to -- I can't remember her name. I believe it's a paralegal from counsel's office. Again, we would just request another paralegal come here. . . .It's not a simple matter of switching paralegals. Jennifer Siekiersky has spent the last, I think, almost two years on this matter and is intimately familiar with the records in this case.) *and* ECF No. 612 at 114–119 (discussing proposed testimony from the "paralegal" who later turned out to be Ms. Siekiersky) *with* ECF No. 615 at 6:25–7:6–8 (Mr. Krotoski stating "First of all, let me clarify. [Ms. Siekiersky]'s an attorney. She's not a paralegal."). An attorney who had worked on the trial for two years was so insignificant she was repeatedly and erroneously identified as a paralegal.
[7] *See* ECF No. 709 at 10–15; *see also* ECF No. 709-1 at 8–10. The after-the-fact amended response to the government does not nor cannot change the court's conclusion excluding Stuckwisch as the court had to make that mid-trial determination.
[8] The court notes it remembers that Mr. Krotoski came down with a respiratory illness during the trial as detailed in his declaration. *See* ECF No. 709-1 at 12. That illness, which made its rounds in the courtroom, with Mr. Krotoski taking the brunt of it, was part of the reason the court did not take further action against Mr. Krotoski when the Stuckwisch issue arose during the trial. But that illness does not explain the post-trial briefing issues identified in the show cause order and addressed herein.
[9] As noted above, the court wants to be clear it takes no issue with challenging striking the witness. I expect that any zealous advocate would have done the same. The court takes issue with failure to be candid with opposing counsel and the court as it related to the witness's availability (or lack thereof), and later, the outright failure to acknowledge the reason Stuckwisch was stricken.

experience as Mr. Krotoski should have, at a minimum, acknowledged the reason why Stuckwisch was stricken in the Rule 33 motion, and to the degree the record needed to be corrected about the representations about her availability, that information should have also been corrected in the motion, not after this court has to expend resources on issuing a show-cause order. But he failed to do so.

Mr. Krotoski's response to the show cause order also explains that citation to Exhibit 151 instead of Exhibit 151-R in the mistrial motion was an "oversight." ECF No. 709 at 5. As a result of the oversight, and while arguing it was unnecessary, Mr. Krotoski filed an errata to correct it. *See* ECF No. 706. For clarity, the court takes no issue with counsel challenging the court's ruling on whether an email containing a redacted list of attorneys provided by Lopez to a third party when he was in the process of selling his company constituted privileged material and whether the court properly admitted the exhibit. The ire of the court was that the reference that the unredacted version of a contested exhibit was admitted and shown to the jury was false. This distinction is important given that that section of the mistrial motion argued: (1) that Exhibit 151 was privileged, and (2) that its admission and discussion in front of the jury revealed confidential attorney-client material. *See* ECF No. 654 at 6–14. While not stated in the motion, it must be noted that Mr. Krotoski's name appeared on the unredacted version of Exhibit 151, which accentuated this court's concern. Nonetheless, and despite Mr. Krotoski's significant litigation experience, the court accepts Mr. Krotoski's representation that reference to Exhibit 151 (as opposed to properly citing 151-R) was a mere oversight: the court too has made mistakes and will certainly make more in the future.

## II.    Conclusion

Having considered Mr. Krotoski's response to the show cause order, the court declines to sanction Mr. Krotoski at this time and instead admonishes him for his misleading arguments and representations to the court as it relates to the exclusion of proposed defense expert witness Suzanne Stuckwisch only. Mr. Krotoski is reminded there is no place for such unprofessionalism

4

before this, or any other, court.

IT IS HEREBY ORDERED that Mark Krotoski, Esq. is hereby admonished for the reasons set forth herein. As a result of this admonishment, the show-cause order issued against him [ECF No. 693] **is discharged**.

IT IS FURTHER ORDERED that the show cause order issued against Paola Armeni, Esq., Samuel Braverman, Esq., and Richard Donoghue, Esq. [ECF No. 693] **is discharged in its entirety**.

IT IS FURTHER ORDERED that the second motion for extension of time [ECF No. 705] **is DENIED as moot**.

Dated: September 3, 2025

_____
Cristina D. Silva
United States District Judge

5