JEFFREY CRAMER (NYSBN 2621779)
MIKAL JENNA CONDON (CABN 229208)
ANDREW MAST (CABN 284070)
CONOR BRADLEY (NJBN 373722021)
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 941092
Tel: 415.934.5300 / Fax: 415.934.5399
andrew.mast@usdoj.gov

SUE FAHAMI
Executive Assistant United States Attorney
District of Nevada
Nevada Bar Number 5634
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
tony.lopez@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>EDUARDO RUBEN LOPEZ,<br>    a/k/a "Edward Lopez"<br><br>    Defendant. | Case No. 2:23-CR-00055-CDS-DJA<br><br>**UNITED STATES' STATUS REPORT** |

*//*

*//*

*//*

*//*

On October 7, 2025, the Court issued a minute order granting the government's Application to Access Defense Materials Provided to Probation, (Dkt. 718), and directing the government to file a status report on whether the relief granted mooted Andrew Edrosa's Emergency Motion to Quash, (Dkt. 740). (*See* Dkt. 741, Minute Order.) Immediately upon receipt of the minute order, the government contacted the Probation Officer by phone and email. The government was unable to connect with the Probation Officer on Tuesday, but left a voicemail and sent an email with an attachment containing the minute order.

The government also reached out by email to request that Defendant provide the materials directly to the government, which Defendant agreed to do. The government understands that, due to the volume of documents, Defendant was unable produce the materials last night and is working to do so this morning. Probation also contacted the government at 8:30 A.M. this morning and has begun to produce documents to the government. As of the time of this filing, the government has received some of the requested materials but not the bulk of them.

It is the government's understanding from Defendant that the materials consist of approximately 2,200 pages of documents. The government has not yet been able to review the documents (either because it has not yet received them or because it only received them minutes ago), but it is working diligently to do so.

Accordingly, the government is not in a position at this time to advise the Court whether it will withdraw the subpoena issued to Mr. Edrosa. Based on the anticipated volume of materials, it is possible the materials will obviate the need for Mr. Edrosa's documents and testimony. However, it is also possible the materials will obviate the need for Mr. Edrosa's documents, but that his testimony will still be necessary.

The materials and testimony sought by the government are highly probative of an obstruction of justice enhancement the government is seeking at sentencing and Defendant's ability to pay a criminal fine, restitution and forfeiture.[1] As detailed in the government's sentencing memorandum, Defendant told pretrial services he owned an irrevocable trust worth $16 million and thirteen properties with Mr. Edrosa, but now claims a negative net worth of more than $8.7 million. (PSR ¶¶ 98-99.) The government expects that Mr. Edrosa's testimony and documents will show whether (and when) Defendant moved assets to avoid criminal penalties and restitution.

As such, at this time, the government cannot release Mr. Edrosa from the subpoena. The government does, however, agree to modify the schedule of documents to request only documents "sufficient to show" rather than "any documents concerning" the requested information about the identified trusts. (Dkt. 740, Ex. A.)

The government understands the subpoena implicates Mr. Edrosa's rights, and that his counsel has had minimal time to learn about the issues that will be the subject of Mr. Edrosa's testimony. And the time-crunch is an issue of Defendant's making—not Mr. Edrosa's (and not the government's).[2] Accordingly, the government proposes that it advise the Court at the sentencing hearing whether sentencing can proceed as scheduled <u>without</u> the testimony and documents sought from Mr. Edrosa. If, however, the government

---

[1] Defendant admits an ability to pay the nominal criminal fine that would result from *his* interpretation of the guidelines, but does not say he has an ability to pay restitution and forfeiture, and makes no representation about his ability to pay a higher fine if his guideline calculations do not govern.

[2] The government did not learn about the scope of trust accounts and other assets in which Defendant claims no beneficial ownership that Defendant until the Final PSR was issued on September 30. The government immediately took steps to obtain the documents from Probation, the Court, and Defendant. It also coordinated with the FBI to serve a subpoena on Mr. Edrosa. Had Defendant disclosed the trusts earlier, the government would have issued the subpoena earlier.

determines the testimony from Mr. Edrosa remains necessary, it will not oppose a brief continuance for the limited purpose of obtaining Mr. Edrosa's testimony and argument on its sentencing implications. A brief continuance would enable counsel and Mr. Edrosa to prepare and gather any documents sought beyond those already obtained.[3] The remainder of the sentencing hearing can continue as planned on October 9th.

For the foregoing reasons, Mr. Edrosa's motion's is not moot at this time, but need not be decided on an emergency basis.

Respectfully Submitted this 8th day of October, 2025.

/s/ Conor Bradley
Conor Bradley
Trial Attorney
Antitrust Division – United States Department of Justice

---

[3] Mr. Edosa indicates that he may invoke the Fifth Amendment. If that is the case, and he can establish the requisite basis, the government is prepared to obtain an order compelling his testimony through the grant of immunity.

4