DICKINSON WRIGHT PLLC
Mackenzie E. Robinson
Nevada Bar No. 16309
Email: MRobinson@dickinson-wright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel:   775-343-7500
Fax:   844-670-6009

DICKINSON WRIGHT PLLC
Dan W. Goldfine
*Admitted pro hac vice*
Email: DGoldfine@dickinson-wright.com
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Tel: 602-285-5000
Fax: 844-670-6009

DICKINSON WRIGHT PLLC
Michael M. Beckwith
*Admitted pro hac vice*
MBeckwith@dickinson-wright.com
615 National Avenue, Suite 220
Mountain View, CA 94043
Tel: 408-701-6200
Fax: 844-670-6009

*Attorney for Defendant
Eduardo Ruben Lopez*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EDUARDO RUBEN LOPEZ,<br><br>    Defendant. | 2:23-CR-00055-CDS-DJA<br><br>**DEFENDANT LOPEZ'S NOTICE OF AUTHORITY** |

Defendant Eduardo Ruben Lopez ("Lopez") by and through the undersigned counsel, Dickinson Wright, PLLC, hereby respectfully provides notice of authorities regarding third-party agents being bound by attorney-client privilege. While we do not have the transcript for the exact request, the undersigned's understanding is the Court asked for authority regarding the attorney-client privilege in the context of an agent and the duties of attorneys when confronted by the

1

inadvertent disclosure of a third-party's privileged communication.

As background, Mr. Rickard testified he and GlorTex were employed as a broker/advisor for 1Care, from 2021 to the end of September 2025. Acting in that role as a broker for 1Care, Mr. Rickard indicated he obtained legal advice and conveyed it to 1Care. Mr. Rickard provided an email to the Government, in response to a subpoena, that contained GlorTex's attorney's legal advice that GlorTex provided to 1Care Hospice.

Agents can be within the ambit of the attorney-client privilege. Third parties can be bound by the privilege when the third party is "'acting as agent' of the client." *U.S. v. Sanmina Corp.*, 968 F.3d 1107 (9th Cir. 2020) ("The attorney-client privilege may extend to . . . communications with third parties 'acting as agent' of the client." (quoting *United States v. Landof*, 591 F.2d 36, 39 (9th Cir. 1978)).[1] Confirming this point, "[t]he Ninth Circuit carved out an agency exception to waiver, holding that disclosure to an agent of the attorney or client does not waive privilege provided that the communications are necessary to pursue the legal claim." *Yellow Rose Prods., Inc. v. Pandora Media, LLC*, No. 2:22-CV-809-MCS-MAR, 2024 WL 3225892 (C.D. Cal. Apr. 26, 2024).

Under Nevada law, "an agency relationship is formed when one person has the right to control the performance of another." *Viega GmbH v. Eighth Jud. Dist. Ct.*, 130 Nev. 368, 377, 328 P.3d 1152, 1158 (2014). And brokers are an agent. *T.H.E. Ins. Co. v. Boise Hot Air, Inc.*, 593 F. Supp. 3d 1008, 1014 (D. Nev. 2022 (recognizing that an agent an independent insurance broker is an agent of insured).

Read together, so long as the information was exchanged pursuant to this agency relationship and for the purposes of obtaining or providing legal advice, the information contained within the exhibit would be subject to privilege that only 1Care could waive (as opposed to Mr.

---

[1] NRS 49.095 and NRS.49.105, governing evidentiary privileges under Nevada law, also indicate a similar rule. NRS 49.095 spells out the general privilege rule, where a client has a privilege to refuse to disclose confidential communications "[b]etween the client or the client's representative and the client's lawyer or the representative of the client's lawyer." NRS 49.105 accordingly provides that the privilege can be claimed "by the client, the client's guardian or conservator, the personal representative of a deceased client, or the successor, trustee or similar representative of a corporation, association or other organization, whether or not in existence." NRS 49.105.

Rickard). *E.g.*, *Labbe v. Dometic Corp.*, No. 2:20-CV-1975-DAD-DMC, 2023 WL 5672950, at *4 (E.D. Cal. Sept. 1, 2023), *modified on reconsideration*, No. 2:20-CV-1975-DAD-DMC, 2024 WL 325331 (E.D. Cal. Jan. 29, 2024) (concluding that a doctor's expert work was protected, so long as it was for the purposes of giving legal advice, because the doctor had been acting as an agent).

The undersigned counsel referenced in Court his belief that he, even though he does not represent 1Care, had a duty to prevent further disclosure of 1Care's privileged communications. Ethical rules provide that an attorney shall not obtain evidence that "violate[s] the legal rights" of third parties:

> (a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.
>
> (b) A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender.

Nevada Rules of Professional Conduct 4.4(a); Arizona Ethical Rules 4.4(b) (In representing a client, a lawyer shall not . . . use methods of obtaining evidence that violate the legal rights of such a person."). To that end, attorneys are supposed to sequester or destroy privileged materials. *See Premiere Digital Access, Inc. v. Cent. Tel. Co.*, 360 F. Supp. 2d 1168, 1176 (D. Nev. 2005) (ordering "that all copies of the privileged document be returned or destroyed, and that only an appropriately redacted version of the e-mail correspondence may be used by Plaintiff in these proceedings").

To remedy the inadvertent disclosure of privilege, the initial step would be to redact the exhibit from the exhibit the privileged communication. It is a small portion of the exhibit. Undersigned counsel believes that that can be accomplished through a meet-and-confer with the Government's attorneys.

3

DATED this 10th day of October, 2025.

        DICKINSON WRIGHT PLLC

*/s/ Dan. W. Goldfine*
Mackenzie E. Robinson
Email:  MRobinson@dickinson-wright.com
100 West Liberty Street, Suite 940
Reno, Nevada  89501-1991
Tel:     775-343-7500

DICKINSON WRIGHT PLLC
Dan W. Goldfine
*Admitted pro hac vice*
Email:  DGoldfine@dickinson-wright.com
1850 North Central Avenue, Suite 1400
Phoenix, AZ  85004-4568
Tel: 602-285-5000
Fax: 844-670-6009

DICKINSON WRIGHT PLLC
Michael M. Beckwith
*Admitted pro hac vice*
MBeckwith@dickinson-wright.com
615 National Avenue, Suite 220
Mountain View, CA  94043
Tel: 408-701-6200
Fax: 844-670-6009

*Attorney for Defendant
Eduardo Ruben Lopez*



# CERTIFICATE OF SERVICE

I certify that I am an employee of Dickinson Wright PLLC and that on October 10, 2025, pursuant to Federal Rule of Civil Procedure 5(b), I served a true and correct copy of the foregoing **DEFENDANT LOPEZ'S NOTICE OF AUTHORITY** on the parties through the Court's CM/ECF e-filing system to the following:

Jeffrey Cramer
Mikal Jenna Condon
Andrew Mast
Paradi Javandel
Conor Bradley
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA  941092
Tel: 415.934.5300
Fax: 415.934.5399
andrew.mast@usdoj.gov

Sue Fahami
Executive Assistant United States Attorney
District of Nevada
Richard Anthony Lopez
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
tony.lopez@usdoj.gov

*Attorneys for the United States*

                                         */s/ Veronnica Collins*
                                       An Employee of Dickinson Wright PLLC

