DICKINSON WRIGHT, PLLC
Mackenzie E. Robinson
Nevada Bar No. 16309
Email: MRobinson@dickinson-wright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel:   775-343-7500
Fax:   844-670-6009

DICKINSON WRIGHT, PLLC
Dan W. Goldfine
*Admitted pro hac vice*
Email: DGoldfine@dickinson-wright.com
1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Tel: 602-285-5000
Fax: 844-670-6009

DICKINSON WRIGHT, PLLC
Michael M. Beckwith
*Admitted pro hac vice*
MBeckwith@dickinson-wright.com
615 National Avenue, Suite 220
Mountain View, CA 94043
Tel: 408-701-6200
Fax: 844-670-6009

DICKINSON WRIGHT, PLLC
Patrick J. Masterson
*Admitted pro hac vice*
Email: PMasterson@dickinson-wright.com
500 Woodward Avenue Suite 4000
Detroit, MI, 48226-3425
Tel: 313-223-3107
Fax: 844-670-6009

*Attorney for Defendant
Eduardo Ruben Lopez*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CR-00055-CDS-DJA |
| Plaintiff, | |
| v. | **DEFENDANT'S REPLY TO THE DIVISION'S RESPONSE REGARDING ITS NEW ARGUMENT RAISED AT THE SENTENCING HEARING** |
| EDUARDO RUBEN LOPEZ, | |
| Defendant. | |

The Division's Response (Dkt. 761) to Mr. Lopez's Supplement (Dkt. 753) only highlights the need for Mr. Lopez's filing. The Division conflates its arguments, old and new, and presents strawman caricatures of Mr. Lopez's positions. Both tactics only serve to confuse the issues for decision.

*First,* the Division's new argument raised at the initial sentencing hearing—that valuation evidence regarding Community was not accurate because it did not account for Solace's attorneys' fees—was, in fact, new. In claiming it previously raised this argument, the Division only points to distinct prior arguments. The Division's new argument is different—that actually incurred legal fees must be accounted for *in the initial valuation* of the company Solace received, as opposed to a separate step in the loss analysis. Mr. Lopez fairly responded to the Division's new argument, and the Court should accept and consider the Supplement as filed.

*Second*, the Division completely misses the relevance of Mr. Lopez's unrebutted valuation evidence. The valuation evidence is not the entire loss analysis. It is a necessary first step under Ninth Circuit precedent and § 2B1.1.  In this context, the court must determine the value of the asset the buyer received. *United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007); § 2B1.1, Application Note 3(B)(v). Once that value is determined, costs the buyer incurred because of the fraud can be deducted to determine loss. The unrebutted evidence here shows Solace received a valuable company that continued to appreciate after the fraud was discovered. That value must be accounted for under § 2B1.1.

*Third*, the Division failed to show that Solace's claimed legal fees constitute relevant costs under § 2B1.1. While the Division demands that Mr. Lopez take on the burden of disproving which of the fees in the Division's blanket submission constitute relevant costs, it is the Division's burden to prove up such losses in the first place. The Division has not made that showing.

**A.  The Division's argument at the initial sentencing hearing was new.**

The Division's Response demonstrates it made a new argument at the initial sentencing hearing. The Division's new argument claimed that valuation evidence regarding Community was not accurate because it did not account for Solace's attorneys' fees. That argument was expressly stated: "The notion of this true-up calculation and their valuation expert is -- is really a red herring"

1

1  because such evidence "doesn't present an accurate valuation of the company vis-à-vis Solace's
2  legal fees." October 9, 2025, Hearing Tr., 174:20–175:19 (not available when Mr. Lopez filed).

3  The Division had not previously argued the valuation evidence was unreliable because it
4  did not incorporate nonrecurring legal fees. The distinct arguments the Division now points to in
5  its Response shows as much. The Division first points to its earlier argument that legal fees can be
6  a basis for loss. Dkt. 761, Division's Response, at 3:10–14.  As further explained below, the
7  Division is conflating two issues and strawmanning Mr. Lopez's position. Mr. Lopez does not
8  claim legal fees cannot provide a basis for loss, so the Division's prior argument is off point. Under
9  *Zolp* and § 2B1.1, Application Note 3(B)(v), the determination of whether legal fees provide for a
10 loss comes after assessing the value of the corporate assets the buyer received. Once the value of
11 the assets is determined, costs, including legal fees, can be deducted to determine loss. Unlike the
12 Division's prior argument (generally claiming fees can provide for a loss), the new argument
13 erroneously attacked the valuation evidence relevant to the initial inquiry of the value of the
14 company Solace received. That is, the Division's old argument is distinct from its new argument,
15 which addresses a different issue.

16 The Division also points to its critique of Mr. Lopez's valuation expert for not accounting
17 for "potential, unrealized liabilities." Dkt. 761, Division's Response, at 3:14–17.  That argument
18 is obviously distinct from its new argument that valuation evidence should account for actual legal
19 fees incurred by the buyer. Realized legal fees, that is, fees actually incurred, cannot constitute
20 "unrealized liabilities." Such fees are inherently realized. In claiming Mr. Lopez's evidence
21 regarding the value of Community was unreliable because legal fees were not addressed, the
22 Division raised a completely new argument. October 9, 2025, Hearing Tr., 175:17–19.

23 Mr. Lopez fairly responded to this new argument raised for the first time at the initial
24 sentencing hearing. *See, e.g., United States v. Andino-Matamoros*, 365 F. Supp. 3d 1109, 1113 (D.
25 Nev. 2019) (accepting supplement addressing new matters); *Paradise Entertainment Ltd. v.
26 Empire Technological Group Ltd.*, 2025 WL 3004664, at *1 (D. Nev. Sept. 5, 2025) (same).

27 In his supplement, Mr. Lopez addressed the Division's new argument. Notably, the
28 Division now concedes the point. Dkt. 761, Division's Response, at 4:12–13 ("the nonrecurring

nature of the legal expenses may justify excluding them from a valuation analysis"). Such fees may be relevant at a separate point in the § 2B1.1 loss analysis, but the Division is wrong that Mr. Lopez's valuation evidence is unreliable. Indeed, the evidence regarding the value of the company Solace received is unrebutted.

### B. The Division cannot show loss.

The remaining portions of the Division's Response is confused and misdirected, again demonstrating the need for Mr. Lopez's supplemental filing. The Division argues at length that legal fees are relevant to the loss analysis. Mr. Lopez does not disagree with that principle; the question is where such fees, if proven, figure into the actual loss analysis.

The Division argues valuation evidence "is an improper mechanism for measuring loss." Dkt. 761, Division's Response, at 4:3–4. That is a strawman. The valuation evidence is not, in and of itself, measuring loss. The valuation evidence is providing the first necessary step in the actual loss analysis: the value of the corporate asset the buyer received. *See Zolp*, 479 F.3d at 720 (vacating loss finding where the trial court did not account for the purchased corporate assets' "value after the fraud came to light"); *see also* § 2B1.1, Application Note 3(B)(v) (courts should consider "the value of equity securities or other corporate assets" the buyer received when measuring loss). Once the value of the company Solace received is determined, (1) payments and (2) certain legal fees can be deducted to calculate loss.

The Division skips this necessary step and simply ignores the value of the company Solace received. The unrebutted evidence shows that value was substantial, which must be accounted for in the loss analysis. *Zolp*, 479 F.3d at 720; § 2B1.1, Application Note 3(B)(v). As the expert stated since early September, conservative valuations show Solace received a company worth over $15.6 million. Dkt. 715-1 (Expert Report, at 20–28).[1] Notably, that valuation is based on Community's performance extending beyond the discovery of the fraud, and therefore accounts for related disruptions that would impact the company's economic performance. *Id.* As detailed below, the

---

[1] Under the terms of the Membership Interest Purchase Agreement, Solace agreed to pay $13,452,278 for Community (i.e., closing cash purchase price, plus purchase price adjustment following closing). Dkt. 275-2, MIPA, at §§ 1.3, 1.4. Of course, private capital funds do not purchase companies to break even, but because the purchase is expected to provide a valuable return. Mr. Lopez's unrebutted valuation evidence captures the actual value of the company Solace received.

3

Division has not shown which, if any, of Solace's legal fees constitute loss. But even assuming the entire $3.8 million figure were relevant costs under § 2B1.1, the unrebutted evidence still shows no loss occurred:

$15.6 million - $10.5 million - $3.8 million = no loss, by a margin of $1.3 million.

(i.e., value of the assets received - payments - legal fees = actual loss finding). The Division has presented nothing that could permit a different conclusion. The absence of loss does not excuse Mr. Lopez's conviction. It simply reflects the actual value of the company Solace received and a proper application of § 2B1.1.

### C. The Division has not demonstrated Solace's attorneys' fees constitute costs under § 2B1.1.

The Division has abdicated its burden to show Solace's legal fees constitute relevant costs under § 2B.1.1. It has done nothing but dump hundreds of pages of heavily redacted invoices related to various matters. The Division has done nothing to explain how the fees—varying across civil proceedings, investigations, criminal discovery disputes, and the prosecution of Mr. Lopez—constitute reasonably foreseeable pecuniary harms caused by the offense.

The Division's loss and restitution submissions are inherently contradictory. For instance, § 2B1.1 expressly excludes fees incurred primarily to aid the government's investigation and prosecution.[2] § 2B1.1, Application Note 3(C)(ii). Meanwhile, the MVRA only permits legal fees "incurred during participation in the investigation or prosecution of the offense." 18 U.S.C. § 3663A(b)(4). Despite that conflict, the Division submits all of Solace's fees from Reed Smith and Boies Schiller for inclusion under both loss and restitution, inviting the Court to engage in clear error and issue contradictory orders. The Division's blanket submissions are insufficient.

The Division is unambiguous in its abdication of providing sufficient evidence and analysis to show Solace's claimed legal fees constitute loss under § 2B1.1.[3] Indeed, the Division has stated

---

[2] Solace began cooperating in the Division's investigation as early as December 2022. Ex. C to Dkt. 753. Fees incurred after that point were incurred primarily to aid the Division in its investigation and prosecution. This amount appears to be substantial. To avoid Application Note 3(C)(ii), the Division attempts to conflate Solace's *motivation* for aiding the Division with the fact Solace's legal fees were plainly incurred primarily to aid the government's investigation and prosecution. Such fees cannot be included under § 2B1.1.

[3] For instance, in a letter dated October 14, 2025, the Division requested that Mr. Lopez's counsel identify specific expenses that warrant exclusion. It is not Mr. Lopez's initial burden to show which fees are or are not relevant. The parties are presently coordinating the time and substance of their meet and confer.

4

1  that if more evidence or analysis is needed, Solace can provide it. Dkt. 734, Division's Sentencing
2  Reply, at 13 n.10. Basic evidence and analysis is needed, and Solace has not provided it, leaving
3  the Court with wholly insufficient record to find the claimed fees constitute pecuniary harms under
4  § 2B1.1. Solace has not submitted an affidavit attesting such fees were actually incurred, let alone
5  showing the various fees were reasonably foreseeable and caused by the offense. It is not Mr.
6  Lopez's burden to disprove that fees constitute pecuniary harms under §2B1.1.  It is the Division's
7  burden to show the fees in its blanket submission constitute pecuniary harms under §2B1.1 in the
8  first place. Given the Division's failure to make that showing, this Court cannot accept the claimed
9  fees as pecuniary harms under §2B1.1, in part or otherwise.

DATED this 30th day of October, 2025.

DICKINSON WRIGHT PLLC

/s/ Michael M. Beckwith
Mackenzie E. Robinson
MRobinson@dickinson-wright.com
100 West Liberty Street, Suite 940
Reno, Nevada  89501-1991
Tel:    775-343-7500

Dan W. Goldfine
*Admitted pro hac vice*
DGoldfine@dickinson-wright.com
1850 North Central Avenue, Suite 1400
Phoenix, AZ  85004-4568
Tel: 602-285-5000

Michael M. Beckwith
*Admitted pro hac vice*
MBeckwith@dickinson-wright.com
615 National Avenue, Suite 220
Mountain View, CA  94043
Tel: 408-701-6200

Patrick J. Masterson
*Admitted pro hac vice*
PMasterson@dickinson-wright.com
500 Woodward Avenue Suite 4000
Detroit, MI, 48226-3425
Tel: 313-223-3107

*Attorneys for Defendant
Eduardo Ruben Lopez*



# CERTIFICATE OF SERVICE

I certify that I am an employee of Dickinson Wright PLLC and that on October 30, 2025, pursuant to Federal Rule of Criminal Procedure 49(a), I served a true and correct copy of the foregoing **DEFENDANT'S REPLY TO THE DIVISION'S RESPONSE REGARDING ITS NEW ARGUMENT RAISED AT THE SENTENCING HEARING** through the Court's CM/ECF e-filing system to the parties below, as well as e-mailed Exhibit C to the parties below:

Jeffrey Cramer
Andrew Mast
Mikal Jenna Condon
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA  941092
Tel: 415.934.5300
Fax: 415.934.5399
andrew.mast@usdoj.gov

Sue Fahami
Executive Assistant United States Attorneys
District of Nevada
Richard Anthony Lopez
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
tony.lopez@usdoj.gov

*Attorneys for the United States*

                                            */s/ Sherette W. Duffus*
                                      An Employee of Dickinson Wright PLLC

