UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:23-cr-00055-CDS-DJA |
| Plaintiff | **Order Denying Motion to Quash Subpoena, Granting Defendant's Motion for Leave to File a Supplemental Response, and Granting the Parties' Motions to Seals** |
| v. | |
| Eduardo "Edward" Lopez, | |
| Defendant | [ECF Nos. 740, 755, 759, 764, 766] |

On October 7, 2025, the defendant's partner, Andrew Edrosa, filed an emergency motion to quash a subpoena and a for a protective order. Mot. to quash, ECF No. 740. Given the motion's content and requested relief, I ordered the government to file a status brief regarding whether it still sought additional information from Mr. Edrosa given the court granted a separate motion related to the production of documents (ECF No. 718).[1] I also heard argument regarding the government's need for additional information during the first part of Lopez's sentencing, then ordered the parties to file a response and reply in the normal course. *See* Mins. of proceed., ECF Nos. 744, 750. The government filed its opposition to the motion on October 21, 2025.[2] Opp'n, ECF No. 757. The motion is now fully briefed. Reply, ECF No. 763.[3]

---

[1] The government filed a timely status report. *See* ECF No. 742.

[2] The government filed a motion to seal certain exhibits to its opposition to the motion quash. Gov't mot. to seal, ECF No. 759. Having considered the exhibits, the court finds good cause to seal the documents so the motion to seal Exhibits B-1, B-2, B-3, B-4, B-5, C, D-1, D-2, D-3, D-4, D-5, D-6, D-7, E, F and L-1, L-2, L-3, L-4, and L-5 [ECF No. 759] is granted.

[3] Lopez filed a motion for leave to file supplemental information addressing Edrosa's request to quash the subpoena, which includes additional argument that the obstruction of justice enhancement should not apply, and an accompanying motion to seal exhibits. Mot. supp. authority, ECF No. 764; Mot. to seal, ECF No. 766. Both motions are granted. The court considered the arguments contained therein in resolving this motion and will consider the additional argument regarding the government's request to impose the obstruction of justice enhancement during the November 20th hearing. However, the court reminds counsel that the deadline to file documents for sentencing purposes has long passed. *See* Local Criminal Rule 32-1(d) ("Any sentencing memorandum addressing unresolved objections to the presentence investigation report or other sentencing issues must be filed and served on opposing attorneys and the United States Probation Office **at least five business days before the sentencing**

I.        **Legal authority**

Under Rule 17(c), a party may move the court for a subpoena ordering a witness "to produce any books, papers, documents, data, or other objects." Fed. R. Crim. P. 17(c)(1). Although Rule 17 subpoenas are traditionally used in advance of trial, they can also be used for post-trial and sentencing purposes. *See United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981). The production of documents pursuant to a Rule 17(c) subpoena is appropriate only when: (1) the documents sought are evidentiary and relevant; (2) the party seeking them could not otherwise obtain them reasonably in advance of trial through the exercise of due diligence; (3) the party would be unable to properly prepare for trial in the absence of the documents, and failure to produce them in advance might unreasonably delay a trial; and (4) the party is making the application in good faith, and not as part of a "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699 (1974). The burden is on the moving party to make the requisite showing. *Id.*

"Rule 17 also allows a court, in response to a promptly filed motion, to 'quash or modify the subpoena if compliance would be unreasonable or oppressive.'" *United States v. Johnson*, 2014 WL 6068089, at *2 (N.D. Cal. Nov. 13, 2014); Fed. R. Crim. P. 17(c)(2). The decision to issue or enforce a subpoena is subject to the district court's discretion. *Nixon*, 418 U.S. at 702 ("Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues.").

---

**hearing**, and any response to the sentencing memorandum must be filed and served at least three business days before the sentencing hearing."). This is the second "supplemental" filed by Lopez. The first was filed without leave of court on October 17, 2025. *See* Suppl., ECF No. 753. This is unacceptable. Any future filings that fail to comply with the rules of the court will be summarily stricken.

## II.  Discussion

Third-party Andrew Edrosa, who is defendant Lopez's partner, seeks to quash the Rule 17(c) subpoena issued by government to compel production of documents related to fifteen different entities and for Edrosa's testimony at Lopez's sentencing. *See* ECF No. 740. Edrosa argues that the motion is untimely, unduly burdensome, seeks disclosure of confidential information and potentially privileged. *See id.* at 3–4.

In response, the government argues that "Edrosa's testimony and documents are critical to shed light on Defendant's obstruction" by revealing the extent of Lopez's efforts to conceal assets and financials from pre-trial and probation. *See* Opp'n, ECF No. 757 at 6–20. They further argue that the subpoena is neither untimely nor oppressive given that the sentencing was continued to November 20, 2025, and the subpoena only seeks the "documents 'sufficient to show' the information sought by the subpoena." *Id.* at 21. Further, the government argues that the Trust Documents are not confidential because even if there was unidentified "privilege," it cannot be relied on in Federal Court. *Id.* at 21-23. Last, the government argues that they are not seeking privileged or protected materials by way of the subpoena, and that they are prepared to protect any (currently unfounded) concerns about Edrosa's Fifth Amendment rights. *Id.* at 24.

In reply, Edrosa argues that the government already possesses the information they seek, so the government's motion is merely an effort to harass Lopez's partner.[4] *See* ECF No. 763 at 6. He further argues that the government's opposition fails to show how the requested documents meet the *Nixon* standard. *Id.* at 6. Edrosa contends that the government misunderstands his concern regarding attorney-client privilege: it is not a self-incrimination issue; it is an issue of compelling Edrosa's testimony regarding a subject matter that involves "complicated legal matters," which could require disclosure of attorney-client communications. *Id.* at 8.

---

[4] In Lopez's supplemental filing, he too claims the subpoena was issued to "harass." ECF No. 764-1 at 3. I disagree. The scope, timing, organization, and reorganization of Lopez's assets are relevant to sentencing for not only the resolving "obstruction of justice" enhancement - objection lodged by the government, but to ensure the court has a clear understanding of the defendant's finances to the amount of any restitution and fine. *See* 18 U.S.C. §§ 3572(a), 3664.

The government has met its burden of demonstrating that the documents and testimony sought are (1) relevant, (2) admissible, and (3) specific. *Nixon*, 418 U.S. at 700. First, the documents and testimony are relevant to a pending objection from the government that I must resolve during Lopez's sentencing, which is that I should apply a 2-level enhancement under U.S.S.G. § 3C1.1 for failing to fully disclose assets during both his pretrial and presentence investigations, *see* Final Presentence Report (PSR), ECF No. 717 at 36, and other relevant sentencing determinations.[5]

Second, the documents and testimony are admissible. There is insufficient evidence or authority before the court to support the contention that Trust documents are *always* confidential and therefore production is barred. Indeed, the Supreme Court of Nevada has identified certain instances where trust documents can be disclosed. *See In the Matter of 23 Partners Trust I*, 521 P.3d 1190 (Nev. 2022) (addressing disclosure of obligations of trustees to beneficiaries). Certainly, the nature of trusts involve confidentiality, but Edrosa cites no authority to support his position that confidentiality requires that I quash the subpoena. There is no reason for the documents to any other party than the government, and if necessary, to the court so the release of confidential information is unfounded. To address his confidentiality concerns, the government is ordered to not release any documents without further order of the court. However, the parties must meet and confer to ensure duplicate documents are not produced within five days of this order. *Edrosa must comply with the production of documents no later than November 12, 2025.*[6]

Third and finally, to ensure that the scope of the evidence sought is specific, I order the government to review the document production and thereafter file a notice with the court no later than November 18, 2025. The notice must advise either: (1) the government no longer

---

[5] *See* fnt. 4.

[6] In the reply to his motion, Edrosa asked for additional time to produce the documents. *See* ECF No. 763 at 5-6. Finalizing the terms of any protective order will not constitute a reason to delay deadline to produce the documents.

4

intends to call Edrosa, or (2) the proposed scope of Edrosa's testimony. This measure is appropriate given the concerns of disclosing attorney-client privileged conversations, which bear upon admissibility and impacts the court's determination as to whether the scope of the testimony is sufficiently specific. Because the documents have not yet been produced, the government would be unable to narrow the scope of any testimony at this time. To avoid potential privilege issues and because "Rule 17(c) was not intended as a discovery device, or to allow a blind fishing expedition seeking unknown evidence," *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (quotation marks omitted), the government is advised that the scope of Edrosa's testimony must be significantly narrow in both subject matter and length.

### III. Conclusion

IT IS HEREBY ORDERED that Andrew Edrosa's motion to quash **[ECF No. 740] is DENIED.** Edrosa must produce the documents by November 12, 2025.

IT IS FURTHER ORDERED that the Lopez's motions to seal **[ECF Nos. 755, 766] are GRANTED**. The Clerk of Court is kindly instructed to maintain the seal on ECF No. 754 and ECF No. 765].

IT IS FURTHER ORDRED that the government's motion to seal Exhibits B-1, B-2, B-3, B-4, B-5, C, D-1, D-2, D-3, D-4, D-5, D-6, D-7, E, F and L-1, L-2, L-3, L-4, and L-5 **[ECF No. 759] is GRANTED**. The Clerk of Court is kindly instructed to maintain the seal on ECF No. 758.

IT IS FURTHER ORDERED that the Lopez's motion to file a supplemental response **[ECF No. 764] is GRANTED**.

IT IS FURTHER ORDERED that the government must file a notice regarding whether it no longer intends to call Edrosa, or the scope of his proposed testimony, no later than November 18, 2025.

Dated: October 31, 2025

_____
Cristina D. Silva
United States District Judge

5