# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:23-cr-00055-CDS-DJA |
| Plaintiff | **Order Denying Lopez's Motion for Bail Pending Appeal** |
| v. | |
| Eduardo Ruben Lopez, | [ECF No. 789] |
| Defendant | |

On January 9, 2026, defendant Eduardo Lopez filed a motion for bail pending appeal. Mot., ECF No. 789. Therein, Lopez argues that he does not pose a risk of flight nor a danger to the community, and further, that his appeal raises substantial questions of law or fact. *See id.* This motion is now fully briefed. Opp'n, ECF No. 791; Reply, ECF No. 794. For the following reasons, Lopez's motion is denied.

## I.     Discussion

Title 18, United States Code, Section 3143(b) states that a defendant who has been found guilty and sentenced to a term of imprisonment must be detained, even if an appeal has been filed. But the court can allow the defendant to be released pending appeal if it makes four findings:

1. The defendant has demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person in the community if released;
2. The appeal is not for purpose of delay;
3. The appeal raises a substantial question of law or fact; and
4. If that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

18 U.S.C. § 3143(b).

A "substantial question" is one that is fairly debatable or fairly doubtful. *U.S. v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). The court must find the question presented to be "so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). Stated otherwise, the question cannot be one that would be considered harmless, would have no prejudicial effect, or was insufficiently preserved. *Id.* As the movant, "it is [the defendant's] burden" to raise "a 'fairly debatable' issue on appeal." *United States v Montoya*, 908 F.2d 450, 451 (9th Cir. 1990) (cleaned up). The court addresses each of the four factors in turn.

**A. The defendant has demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person in the community if released.**

Lopez argues that he is neither a risk of flight nor a danger to the community, so this factor weighs in favor of granting of motion. ECF No. 789 at 3–4. Lopez cites to his "deep roots" to this community, together with his compliance with pre- and post-trial release conditions, to argue this factor militates in favor of bail pending appeal. *Id.* In opposition, the government does not contend that Lopez is a danger to the community,[1] but argues that Lopez is flight risk. ECF No. 791 at 10. They contend that his pending substantial prison sentence is a substantial change in circumstance, and that, together with the finding that Lopez obstructed justice, demonstrates that Lopez fails to meet his burden by the clear and convincing standard showing he is not a flight risk. *Id.*

Lopez has met his burden that he is not a risk of flight. Certainly, the conviction was a significant change in circumstances, so pre-trial release conditions compliance carries little weight in evaluating Lopez's motion. But since then, Lopez has remained fully compliant. And, while I found that an obstruction of justice enhancement applied to Lopez's sentencing

---

[1] The government does not dispute that Lopez is not a danger to the community, *see* ECF No. 791 at 8, n.2, and I find that he is not.

guideline calculation, that is insufficient to warrant finding Lopez presents a risk of flight considering all the other information before the court. As a result, this factor weighs in favor of granting Lopez's motion.

**B. The appeal is not for purpose of delay.**

The parties do not disagree: Lopez's appeal is not brought for the purpose of delay,[2] so this factor weighs in favor of granting Lopez's motion.

**C. The appeal raises a substantial question of law or fact, and if that substantial question is determined favorably to defendant on appeal, then that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.**

Lopez's motion advances numerous arguments in support of his position that his appeal raises a substantial question of law or fact. ECF No. 789 at 4–24. Each argument, excepting the court's loss calculation, was previously the subject of motions practice either mid- or post-trial.[3] And each argument was previously rejected. For the same reasons that I denied the prior motions,[4] I do not find that any of the issues raised by Lopez create a "a 'fairly debatable' issue on appeal" that could likely result in reversal or an order for a new trial.

I also do not find that the court's loss calculation gives rise to a fairly debatable issue warranting granting bail pending appeal. While a district court's method of calculating loss under the Sentencing Guidelines is reviewed de novo, *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153–54 (9th Cir. 2012), the determination of the amount of loss is reviewed for clear error, *United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016). A jury convicted Lopez of multiple counts of wire fraud, all tied to the sale of his business and failure to disclose that his business

---

[2] *See* ECF No. 789 at 25; ECF No. 791 at 3 n.2.

[3] *See* ECF No. 609 (motion for a mistrial); ECF No. 654 (motion for a mistrial); ECF No. 666 (motion for a new trial); ECF No. 667 (motion for a judgment of acquittal); ECF No. 708 (motion for a new trial); ECF No. 722 (motion for a new trial based on alleged Napue and Brady/Giglio violations).

[4] I incorporate my findings from the written orders and transcripts setting forth my reasoning denying these motions into this order. *See* ECF Nos. 639 at 90–108, 692, 750.

was under investigation for alleged violation of anti-trust laws. There is no dispute that Lopez gained over $10 million dollars as a result of the sale.

Finally, I find that even if the appellate court finds some error, the overwhelming weight of the evidence, together with the standards of review at the appellate level on the issues raised by Lopez, weighs against granting the relief he seeks.

Consequently, although Lopez is neither a danger to the community nor a flight risk, this court is unable to find that he has raised a substantial question of law or fact that, if determined favorably to him on appeal, would likely result in reversal or an order for a new trial of all counts on which imprisonment has been imposed, so his motion is denied. *See Handy*, 761 F.2d at 1283; 18 U.S.C. § 3143(b).

II.   Conclusion

IT IS THEREFORE ORDERED that Lopez's motion for bail pending appeal **[ECF No. 789] is DENIED**.

Dated: February 4, 2026

_____
Cristina D. Silva
United States District Judge