DICKINSON WRIGHT, PLLC
Mackenzie E. Robinson
Nevada Bar No. 16309
Email: MRobinson@dickinson-wright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel: 775-343-7500

DICKINSON WRIGHT, PLLC
Michael M. Beckwith (*pro hac vice*)
Email: MBeckwith@dickinson-wright.com
615 National Avenue, Suite 220
Mountain View, CA 94043
Tel: 408-701-6200

*Attorneys for Defendant*
*Eduardo Ruben Lopez*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>EDUARDO RUBEN LOPEZ,<br>Defendant | 2:23-cr-00055-CDS-DJA<br>**Order Granting DEFENDANT'S UNOPPOSED MOTION FOR A 21-DAY CONTINUANCE OF THE SELF-SURRENDER DATE**<br>[ECF No. 796] |

Defendant Eduardo Ruben Lopez ("Defendant), by and through his attorney of record, Dickinson Wright PLLC, moves the Court for a 21-day continuance of his self-surrender date to March 13, 2026. This motion is unopposed by the government. It will allow the Ninth Circuit to decide a motion for bail pending appeal that will be filed there today. That motion is expected to be decided by March 10, 2026. This motion is supported by the attached memorandum of points and authorities, the record, and all papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Legal Standard**

Until December of 2023, the Ninth Circuit automatically granted temporary bail for defendants in Mr. Lopez situation under Circuit Rule 9-1.2(e). The Ninth Circuit Advisory



Committee Note to Rule 9-1.2 states that the former subsection (e) provided an automatic temporary continuation of bail for appellants who were on bail at the time they filed a motion for bail pending appeal in the Ninth Circuit (i.e., those in Mr. Lopez's situation).

In December 2023, the Rule was amended. Continuation of bail pending resolution of a motion for bail in the Ninth Circuit is now approved by the district judge, as opposed to being automatically granted pursuant to a Ninth Circuit Rule. The change recognized the need for an individualized judgment based on the unique circumstances of each case. The issue of the requested 21-day continuance is squarely within this Court's discretion. Mr. Lopez respectfully asks that this Court exercise its discretion to authorize a brief continuance.

## II. Discussion

Mr. Lopez seeks a brief continuance of his self-surrender date. The requested continuance will allow the Ninth Circuit to decide Mr. Lopez's motion for bail pending appeal, which will be filed there today. It will also allow Mr. Lopez to continue to assist with the sale of OneCare Health, LLC ("OneCare"), which will likely yield sufficient funds to immediately satisfy all the financial obligations imposed by the judgment in this case.

The Division does not oppose this motion. Its position is as follows:[1]

"It is the government's position that Defendant's delay is of his own making. The Court sentenced Defendant on November 21, which sentence included the self-surrender date of February 20. Defendant stated at that hearing his intention to file a motion for bail pending appeal, and could have done so any time after November 21 with sufficient time to allow for a timely, non-emergency appeal of that motion to the Ninth Circuit. But because Defendant chose to delay filing his motion for bail pending appeal (and even though the Court promptly adjudicated that motion), his appeal of the Court's order denying his motion now requires the government to consent to a delay of the remand date, or to unduly burden the Court of Appeals with an emergency motion. Therefore, the government does not oppose a 21-day delay of Defendant's self-surrender date, to March 13, 2026, for the sole purpose of conserving judicial resources by allowing Defendant's appeal to be heard on a non-emergency basis."




[1] Mr. Lopez does not agree there has been a delay.

**A. The requested continuance will allow the Ninth Circuit to address Mr. Lopez's motion for bail pending appeal.**

The requested continuance will allow the Ninth Circuit to decide the motion for bail pending appeal that will be filed there today. That motion is expected to be decided by a date certain (March 10, 2026). Mr. Lopez has already been designated to Lompoc I, FCI, in Lompoc, California. The anticipated briefing in the Ninth Circuit is expected to be done by February 26, 2026. A decision is expected on March 10, 2026. Should Mr. Lopez be unsuccessful in his motion, he is prepared to surrender to the U.S. Bureau of Prisons in Lompoc, California, within roughly 72 hours of the Ninth Circuit's decision—by March 13, 2026, at noon.

This unopposed request will effectively continue the self-surrender date by 21 days. If the Ninth Circuit denies Mr. Lopez's motion for bail pending appeal, then he will surrender himself, as designated. Mr. Lopez will begin service of the sentence imposed pending the outcome of his appeal. However, if the Ninth Circuit agrees with Mr. Lopez, the failure to grant this continuance could force Mr. Lopez to serve an unnecessary term of incarceration. In this way, the requested continuance imposes little offense to justice.

**B. The requested continuance allows Mr. Lopez to assist with the sale of OneCare.**

The requested continuance would allow Mr. Lopez to continue to participate and assist with the sale of OneCare. The company has entertained several potential buyers. Three of those buyers have made offers, all of which would allow for the immediate satisfaction of the financial obligations imposed by the judgment in this case. OneCare has selected a potential buyer and reached an agreement on price. The company is now negotiating the final terms of a letter of intent. Mr. Lopez's continued facilitation of the sale of OneCare is in the collective interest of justice, as the sale would allow him to satisfy all financial obligations imposed this Court—a resolution that would immediately benefit the government and the victims in this case.

**C. Mr. Lopez is not a flight risk or a danger; his appeal is not for purposes of delay.**

As this Court recognized, Mr. Lopez is not a flight risk. Order, Dkt. No. 795 at 2–3. Moreover, he is not a danger to himself or others in the Las Vegas community—this fact is uncontested. *Id*. at 2. Finally, Mr. Lopez has not filed his appeal for the purpose of delay—another

uncontested fact. *Id*. at 3. The remaining questions governing bail pending appeal are purely legal in nature. Whether Mr. Lopez raised one or more "fairly debatable" issues, as defined by *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985), is a question of law. The continuance requested by Mr. Lopez would allow that legal question to be resolved without the risk of undue delay, flight, or danger to anyone in the community.

**III. Conclusion**

The requested continuance is unopposed. Moreover, it allows the Ninth Circuit to fully address the issue of bail pending appeal and allows Mr. Lopez to assist with the sale of OneCare. For these reasons and those stated above, Mr. Lopez respectfully asks that this Court grant the brief continuance he seeks. A proposed order that complies with LR IA 6-2 is below.

Respectfully Submitted this 9th day, February, 2026.

DICKINSON WRIGHT, PLLC

*/s/ Michael M. Beckwith*
Mackenzie E. Robinson
Email: MRobinson@dickinson-wright.com
100 West Liberty Street, Suite 940
Reno, Nevada 89501-1991
Tel: 775-343-7500

DICKINSON WRIGHT, PLLC
Michael M. Beckwith (*pro hac vice*)
Email: MBeckwith@dickinson-wright.com
615 National Avenue, Suite 220
Mountain View, CA 94043
Tel: 408-701-6200

*Attorneys for Defendant*
*Eduardo Ruben Lopez*

IT IS SO ORDERED:

Cristina D. Silva
United States District Judge

Dated: February 10, 2026

